IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALFA INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 1:22-cv-0081-CLM |
| | ) |
| ASHLEY FURNITURE | ) |
| INDUSTRIES, LLC | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, Defendant ASHLEY FURNITURE INDUSTRIES, LLC ("Ashley"), files its Notice of Removal of this action from the Circuit Court of Calhoun County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Eastern Division. As grounds for the removal of this action, Ashley states as follows:

### I.   INTRODUCTION

1.   On December 14, 2021, Plaintiff ALFA INSURANCE COMPANY ("Alfa") commenced this action in the Circuit Court of Calhoun County, Alabama, entitled: *Alfa Insurance Company v. Ashley Furniture Industries, LLC,* Civil Action No CV-2021-900521. (Compl., attached hereto as Exhibit "A".) Plaintiff's claims arise from a subrogation interest in a payment to its insured for alleged damage to

{B4216381}

the insured's home. (*Id.*) Plaintiff claims that the damage is the result of a piece of furniture, allegedly sold by Ashley, igniting on August 23, 2020. (*Id.*) Plaintiff asserts claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and for failure to warn, negligence and wantonness. (*Id.*)

2. Ashley denies each and every material allegation of wrongdoing in the Complaint.

3. Removal of this case is proper because (1) this notice is filed within thirty (30) days of service of process on Ashley; (2) there is complete diversity of citizenship among the properly named parties; and (3) the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

4. Venue is also proper in this Court because the Eastern Division of the Northern District of Alabama encompasses Calhoun County, Alabama where the state court case was filed. *See* 28 U.S.C. §1441(a).

## II.   GROUNDS FOR REMOVAL

**A.   The Removal is Timely.**

5. The "notice of removal of a civil action … shall be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading …." 28 U.S.C. § 1446(b).

6. Service of the Complaint was perfected on Ashley on December 21, 2021. (*See* Return on Service, attached hereto as Exhibit "B".) This Notice of Removal is filed within thirty (30) days of service of the Complaint on Ashley.

**B.     Complete Diversity Exists Between the Parties.**

7. Removal is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over this matter because the suit is between "citizens of different States" as required by 28 U.S.C. §1332(a)(1).

8. At all times material hereto, Plaintiff Alfa is a corporation organized under the laws of the State of Alabama with its principal place of business in Montgomery, Alabama. (Ex. A, Compl. ¶ 1; and Ala. Secretary of State Business Entity Record for Alfa Ins. Corp., attached hereto as Exhibit "C".)[1] For purposes of determining diversity, a corporation is deemed a citizen of the state of incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

---

[1] The Plaintiff has referred to itself in this action as "Alfa Insurance Company" and has alleged that it was at all times "a business entity duly organized and authorized to engage in the business of insurance in the State of Alabama ...." However, the correct name for this entity appears to be "Alfa Insurance Corporation" as there is no active listing of an Alfa Insurance Company with the Alabama Secretary of State or with the Alabama Department of Insurance. (*See* Ala. Secretary of State Business Entity Record search results for "Alfa Insurance" and the NAIC search results for "Alfa", attached hereto as Exhibits "D" and "E".) The NAIC lists an "Alfa Insurance Companies," but it is an *inactive* entity (the NAIC record also notes that it was an Alabama company). (*See* the NAIC record for Alfa Insurance Companies, attached hereto as Exhibit "F".) Therefore, the public records relied upon for the Plaintiff's citizenship in this Notice is for "Alfa Insurance Corporation."

Accordingly, Alfa is, and was at the time the Complaint was filed, a citizen of Alabama for purposes of diversity.

9. Defendant Ashley Furniture Industries, LLC is, and was at the time the Complaint was filed, a limited liability corporation organized under the laws of the State of Wisconsin with its principal place of business in Arcadia, Wisconsin. (*See* Wis. Dept. of Financial Institutions' Corporate Records for Ashley, attached hereto as Exhibit "G".)[2] For purposes of determining diversity, a limited liability corporation is a citizen of any state of which a member of the company is a citizen. *See* 28 U.S.C. § 1332(c)(1). The sole member of Ashley Furniture Industries, LLC is, and was at the time the Complaint was filed, Ashley Holdings, Inc., a corporation organized under the laws of the State of Wisconsin with its principal place of business in Arcadia, Wisconsin. (*See* Wis. Dept. of Financial Institutions' Corporate Records for Ashley Holdings, Inc., attached hereto as Exhibit "H" and the Affidavit of Robert Amicone, attached hereto as Exhibit "I".) Accordingly, Defendant Ashley Furniture Industries, LLC is, and was at the time the Complaint was filed, a citizen of Wisconsin for purposes of diversity. Therefore, Plaintiff and Defendant are citizens of different states and complete diversity exists among the parties.

---

[2] According to the Wisconsin Department of Financial Institutions' website, this department is responsible for maintaining the state's business and organization filings. *See* https://www.wdfi.org/.

{B4216381}  4

C.   **The Amount in Controversy Exceeds the Sum of $75,000.00.**

10.   "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations."[3] *Id.*

11.   Plaintiff alleges that, as the insurer for Joel Dorries, it is subrogated to all claims that Mr. Dorries has against Defendant by virtue of its payment of insurance proceeds to Mr. Dorries. (Ex. A, Compl. ¶ 2.) Plaintiff then makes a claim for compensatory damages for an alleged violation of the AEMLD and for claims of failure to warn, negligence and wantonness. (Ex. A, Compl.) Although Plaintiff makes no specified demand in its Complaint, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Attached is a

---

[3] In such cases, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). "[T]he court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* at 754. However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Indeed, "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.; see also Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Now, as a result of the amendments to § 1446 and Eleventh Circuit decisions such as *Pretka* ..., courts are permitted, and indeed required, to approach the amount-in-controversy question by making 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Geodesic Consulting, LLC v. BBVA USA Bancshares, Inc.*, 2015 WL 4985474, at *1 (N.D. Ala. Aug. 20, 2015) (quoting *Pretka*).

detailed letter dated August 11, 2021 making a subrogation demand for $155,859.85, which is in excess of the jurisdictional requirement.[4] (*See* Ltr., attached hereto as Exhibit "J".)

12.   Both the 11th Circuit and this Court have recognized that settlement demands may constitute sufficient evidence of the amount in controversy requirement. *See e.g., Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008) (recognizing that a demand letter establishing the amount in controversy constitutes "other paper" upon which removal may be based); *Argonaut Midwest Ins. Co. v. Cougle*, 2009 WL 10688059 (N.D. Ala. Dec. 11, 2009) (acknowledging the long line of cases where a pre-suit demand letter was allowed for determining the amount in controversy); *Creacy v. Belk, Inc.*, 2008 WL 11379966 (N.D. Ala. June 26, 2008) (relying on a pre-suit demand letter to establish the amount in controversy); *see also Taylor v. Piggly Wiggly of Bay Minette, Ala.*, 2012 WL 3555576 (S.D. Ala. Aug. 16, 2012) (denying motion to remand where pre-suit demand letter established the amount in controversy).

---

[4] The letter is from counsel for Optum who was retained by Plaintiff "to protect its subrogation interests with respect to damages caused to the property of its named insured, ...." (Ex. G.) The letter was sent to Gallagher Bassett, the third-party claims administrator for Defendant.

13.     In addition, the Complaint seeks "consequential and incidental damages including clean-up costs, repair, loss of use, and other associated expenses."

14.     Thus, jurisdiction is proper in this Court, and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III.     CONCLUSION

15.     The prerequisites for removal under 28 U.S.C. § 1441 have been met, and a copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Calhoun County, Alabama. (Copies of all pleadings, process and the entire Circuit Court file for Calhoun County are attached hereto as Exhibit "K".)

16.     Ashley respectfully requests the opportunity to brief and argue before this Honorable Court any issue or question concerning the removal of this case in the event remand is sought by Plaintiff or otherwise visited by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Ashley Furniture Industries, LLC, desiring to remove this case to the United States District Court for the Northern District of Alabama, Eastern Division, being the district of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal shall affect a removal of this action to this Court.

Respectfully submitted,

_/s/ G. Matthew Keenan_
G. Matthew Keenan (4664-G63K)
STARNES DAVIS FLORIE, LLP
Seventh Floor, 100 Brookwood Place
Birmingham, Alabama 35209
Phone: (205) 868-6000
Fax: (205) 868-6099
mkeenan@starneslaw.com
*Attorney for Ashley Furniture Industries, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the __20th__ day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF online filing system, which will send electronic notification of such filing to the following; and have placed a copy of the foregoing in the U. S. Mail, postage prepaid, to the following:

Perryn G. Carroll, Esq.
CARROLL & CARROLL, P.C.
P.O. Box 530543
Birmingham, Alabama 35253

_/s/ G. Matthew Keenan_
G. Matthew Keenan

{B4216381}

8