# EXHIBIT A

ELECTRONICALLY FILED
12/14/2021 3:17 PM
11-CV-2021-900521.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| ALFA INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| vs. ) | |
| ) | |
| ASHLEY FURNITURE ) | |
| INDUSTRIES, LLC ) | |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claims set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with Alabama Rules of Civil Procedure. The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol apply to more than one "entity". In the present action, the parties Defendant whom the Plaintiff must include by descriptive characterization are as follows:

Fictitious Defendant A, whether singular or plural, person or persons, individual or individuals, entity or entities, Plaintiff hereby intends to designate the entity known only to the Plaintiff as ASHLEY FURNITURE INDUSTRIES, LLC; Fictitious Defendant B, that person or entity who designed, assembled, manufactured, sold, distributed, marketed, provided or worked on the furniture at issue in this suit or any of the component parts thereof; Fictitious Defendant C, whether singular or plural, that entity or those entities who or which provided maintenance, repair and/or upkeep on the furniture made the basis of this lawsuit suit or any of the component parts thereof; Fictitious Defendant D, whether singular or plural, that entity or those entities whether singular or plural, other than those entities described herein, whose wrongful conduct caused or contributed to cause the damages made the basis of this lawsuit; Fictitious Defendant E, whether singular or plural, that entity or those entities whether singular or plural, other than those entities described herein, which is the successor in interest of any such entities described herein; Plaintiff avers that the identities of the fictitious parties Defendant herein are otherwise unknown to Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper parties Defendant are not known to Plaintiff at this time, and their true names will be substituted by amendment when ascertained,

)
    Defendants.    )

1

## COMPLAINT

Plaintiff, ALFA Insurance Company, by and through the undersigned counsel, hereby demands judgment against the above defendants and in support thereof allege the following:

## PARTIES

1. Plaintiff ALFA Insurance Company (hereinafter "ALFA"), at all times relevant hereto, was a business entity duly organed and authorized to engage in the business of insurance in the State of Alabama doing business in the Calhoun County, Alabama.

2. ALFA provided insurance to its insured, Joel Dorries, (hereinafter "Dorries") for the property he owned located in Calhoun County, Alabama under a policy of insurance that was in full force and effect at all relevant times. As a result of the claims made on said policy and payments made pursuant thereto, ALFA became subrogated to the rights, claims and interests of Dorries for any monies paid thereunder, including the claims giving rise to the within causes of action.

3. Defendant Ashley Furniture Industries, LLC is a foreign business entity which conducted business in the Calhoun County, Alabama at all times relevant to the Complaint made the basis of this action.

4. The Defendant is in the business of designing, assembling, manufacturing, selling, distributing, providing, setting up, working on, and/or marketing furniture such as the furniture at issue in this suit. (hereinafter the "subject furniture").

5. Plaintiff incorporates by reference each and every claim herein as to each and every Defendant, named and fictitious, also referred to herein in this cause.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter as the event made the basis of this lawsuit occurred in the Calhoun County, Alabama and the damages sustained and sought are sufficient to invoke the jurisdiction of this Court.

7. This Court has personal jurisdiction over this matter because Defendant purposefully availed itself to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in this State and County.

8. Venue is appropriate in this court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is the subject of the action is situated.

## FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. Prior to August 23, 2020, the subject furniture at issue in this case was placed into operation in the Dorries' home.

11. Prior to and including August 23, 2020, the Dorries used the subject furniture, which was substantially unaltered, for its intended use in a manner reasonably expected and foreseeable to the Defendant.

12. On August 23, 2020, the subject furniture ignited and caused substantial damage to the Dorries home and contents.

## COUNT I

## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

13. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

14. The fire made the basis of this lawsuit was caused by a malfunction and/or defect of the subject furniture designed, assembled, manufactured, sold, distributed, marketed, provided or worked on by the Defendants, including fictitious Defendants.

15. The Defendant was engaged in the business of designing, assembling, manufacturing, selling, distributing, marketing, providing or working on such a product, and did place the subject furniture into the stream of commerce where the furniture was expected to, and did, reach the Dorries without substantial change in the condition in which it was sold.

16. The Defendant knew and intended that its furniture would be used by members of the general public, and knew of the specific uses, purposes, and requirements for which said furniture would be utilized.

17. The Defendants designed, tested, inspected, manufactured, sold, distributed, or provided into the stream of commerce the subject furniture, including its component parts, in a dangerous and defective condition, not merchantable and reasonably suited to the use intended by the Dorries, which catastrophically failed due to a defect.

18. The subject furniture possessed a flaw or abnormality which rendered it more dangerous than it would have been if it had been constructed as intended; or its design and/or manufacture was unreasonably dangerous when used for its intended purpose and use, and a safer, practical, alternative design was available at the time the furniture was manufactured.

19. The fire at issue resulted solely from the liability producing conduct of the

4

Defendants, including fictitious Defendants as more particularly set forth herein and was due in no manner whatsoever from any act or failure to act on behalf of the Plaintiff or its insureds.

20. The fire directly and proximately resulted in severe damage to Dorries's real and personal property and caused them to have to vacate the subject property for a reasonable period of time while repairs were made and their property was restored to its pre-fire condition and caused other consequential and incidental damages including clean-up costs, repair, loss of use, and other associated expenses.

21. The fire directly and proximately resulted in damage to ALFA which was required to pay substantial amounts to and on behalf of the Dorries.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants, including fictitious Defendants, for all of its damages recoverable by law, plus interest, costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II - DUTY TO WARN

22. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

23. The Defendants had a duty to warn the Plaintiff of the subject furniture's danger when used in its intended manner.

24. The Defendants breached that duty because they failed to warn the Plaintiff's insured, or the warning was inadequate.

25. The breach of that duty by the Defendants caused the Plaintiff's injuries.

26. The fire at issue resulted solely from the liability producing conduct of the Defendants as more particularly set forth herein and was due in no manner whatsoever from any

5

act or failure to act on behalf of the Plaintiff.

27. The fire directly and proximately resulted in severe damage to the Dorries' real and personal property and caused them to vacate the subject property for a reasonable period of time while repairs were made and their property was restored to its pre-fire condition and caused other consequential and incidental damages including clean-up costs, repair, loss of use, and other associated expenses.

28. The fire directly and proximately resulted in damage to ALFA which was required to pay substantial amounts to and on behalf of the Dorries.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants, including fictitious Defendants, for all of its damages recoverable by law, plus interest, costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – NEGLIGENCE AND WANTONNESS

29. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

30. At all times material hereto, the Defendants, including fictitious Defendants, had a duty to exercise reasonable care in the design, manufacture, testing, assembly, set up, sale, marketing, providing, distribution and/or working on the subject furniture.

31. The Defendants breached their duty of care by, among other things, negligently, carelessly and recklessly designing, assembling, manufacturing, inspecting, testing, selling, distributing, marketing, providing setting up or working on the subject furniture with willful, wanton lack of care which would raise the presumption of conscious indifference to the consequences.

32. As a direct and proximate result of the Defendants' negligent, careless, reckless, willful and wanton actions, and/or omissions the Plaintiff sustained damages and such Defendants are therefore liable to the Plaintiff for the damages suffered.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests that judgment to be entered in its favor and against the Defendants, including fictitious Defendants, for all of its damages recoverable by law, plus interest, costs, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

/s/Perryn G. Carroll
Perryn G. Carroll (CAR103)

OF COUNSEL:
CARROLL & CARROLL, P.C.
Post Office Box 530543
Birmingham, Alabama 35253-0543
Telephone:    (205) 725-5558
Facsimile:    (205) 723-0305
Email: perryn@attorneycarroll.com

Summons and Request for Service filed contemporaneously herewith for service via Sheriff to:

Ashley Furniture Industries, LLC
c/o Corporation Service Company, Inc., Registered Agent
641 South Lawrence Street
Montgomery, AL 36104